UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA                    04-CR-236E

    -vs-                                                        MEMORANDUM
                                                                       and
ADRIAN GARRISON                                           ORDER[1]

---

Defendant Adrian Garrison, having been convicted on May 21, 1997 in County Court, Montgomery County, Ohio, for a crime punishable by imprisonment for a term exceeding one year, is charged with unlawful possession and transportation of firearms in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). Garrison, on November 18, 2004, moved to suppress evidence seized pursuant to a state court search warrant ("Suppression Motion"). The undersigned referred the Suppression Motion to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. §636(b)(1)(B) for consideration of the merits and legal issues raised therein. Judge Scott's Report and Recommendation ("R&R") dated February 16, 2005 recommended that Garrison's Suppression Motion be denied. On March 1, 2005 Garrison filed objections to the R&R ("Objections"). For the reasons set forth below, the R&R will be adopted in its entirety and Garrison's objections will be overruled.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" and may adopt those parts of the R&R to

---

[1] This decision may be cited in whole or in any part.

which no *specific* objection is raised, so long as such are not clearly erroneous. 28 U.S.C. §636(b)(1)(c); *see also Black* v. *Walker*, 2000 WL 461106, at *1 (W.D.N.Y. 2000). Conversely, the undersigned must make a *de novo* determination with respect to those portions of the R&R to which specific objections have been made. 28 U.S.C. §636(b)(1)(c); *United States* v. *Raddatz*, 447 U.S. 667, 675-676 (1980); *Sieteski* v. *Kuhlmann*, 2000 WL 744112, at *1 (W.D.N.Y. 2000). Garrison's objections satisfy Rule 58.2(a)(3) of the Local Rules of Criminal Procedure ("LRCrP"), which states:

> "The written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."

As such, the undersigned will make a *de novo* determination as to the issues raised in Garrison's Objections.

The R&R set forth the facts in detail and thus only a brief reiteration is necessary here. On June 29, 2004 a search warrant signed by Erie County Court Judge Timothy Drury was executed at the upper apartment on 44 Weber Avenue, Buffalo, N.Y. (hereafter "the apartment"). The search warrant application had been presented by Deputy Sheriff John Graham and was based on statements made to Detective Graham by a "reliable confidential informant." In addition to the sworn application of Detective Graham, there was an *in camera* hearing held between the informant and Judge Drury, as well as between Detective Graham and Judge Drury. In his Suppression Motion,

Garrison claimed that (1) he should have access to the *in camera* testimony of the confidential informant (hereafter "the testimony"), because maintaining the confidentiality of the informant interferes with his rights and the information must be presented to him so that he can assert his rights, (2) there is no information to support the conclusion that the informant is "reliable" and thus the warrant lacks probable cause and (3) he has standing to contest the legality of the search. The government, in response, claimed that (1) the search warrant was supported by probable cause, (2) the *in camera* testimony of the confidential informant should not be produced and (3) Garrison does not have standing to contest the search warrant.

In considering the Suppression Motion, Judge Scott, on January 6, 2005, ordered an *in camera* review of the testimony presented in Erie County Court in support of the search warrant application. The R&R found (1) that, upon an *in camera* review of the statements made by the informant to Judge Drury in support of the search warrant and the search warrant application, the totality of the circumstances created probable cause and thus supported the issuance of the search warrant and (2) that Garrison lacks standing to object to the search warrant because he only asserts that he was an invitee of the owner of the apartment without any interest in the areas searched or items seized.

Garrison, in his Objections, claims that the R&R did not address his request to review the testimony upon which the search warrant was based. Without access to the

testimony, Garrison claims that he has been denied a meaningful opportunity to contest the search warrant and asks the undersigned to remand the issue of whether the defense is or is not entitled to review the testimony. Moreover, Garrison argues that the R&R fails to identify any information leading to the conclusion that the informant was "reliable". Finally, Garrison argues that he has standing to contest the legality of the search. The undersigned's *de novo* review of whether Garrison should have had access to the testimony and whether the informant was reliable will result in an overruling of Garrison's Objections and, as such, review of the standing issue is unnecessary.

Garrison correctly claims that the R&R did not overtly address whether he can or cannot review the testimony. The R&R, however, in finding that the search warrant was supported by probable cause, implicitly found that the defense's request to review the testimony should be denied. The defendant bears the burden of establishing the need for disclosure and this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial. *See Roviaro* v. *United States*, 353 U.S. 53, 59-61 (1957). This is due to the "[g]overnment's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Id.* at 59. Where, however, the identity of the informant will not be revealed by disclosure of the contents of a communication, the contents are not privileged. *Id.* at 60. The Supreme Court, in *Roviaro*, held that the trial

judge must in each case weigh the interests of the defendant in obtaining such information against the government's desire to encourage the free flow of such information from its citizens.  *Id.* at 62 ("Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.").  In striking these individualized balances, the Supreme Court has indicated that the most persuasive case for disclosure is where the examination of the informant is necessary to vindicate a defense on the merits and where the withholding of the information will thereby compromise the truth-finding function of the trial.  *Id.* at 60-61.

In a later decision, the Supreme Court placed a limitation on *Roviaro* in observing that the need for disclosure is far less compelling when it is sought in connection with pretrial issues, such as propriety of search or seizure, which do not bear upon the ultimate question of guilt or innocence.  *McCray v. Illinois*, 386 U.S. 300, 311-312 (1967).  The Second Circuit Court of Appeals has taken the view that "while disclosure is not absolutely precluded when sought in regard to a suppression hearing, it will be deemed appropriate only where the information supplied by such persons constitutes the 'essence,' 'core' or 'main bulk' of the probable cause upon which the authorities have relied, and where the critical information ascribed to these individuals is not in any

significant manner corroborated by independent evidence." *United States* v. *Manley*, 632 F.2d 978, 985 (2d Cir. 1980) (citing *United States* v. *Comissiong*, 429 F.2d 834, 838-839 (2d Cir. 1970)).

Garrison has not met his burden of establishing the need for disclosure. First, the government has a strong interest in nondisclosure of the testimony — *viz.*, the confidential informant has knowledge of other individuals who frequent the apartment and who also possess illegal firearms and thus disclosure of the confidential informant's identity would jeopardize his safety or usefulness at a later date. *See Roviaro*, at 59 ("The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation."). Second, at this pretrial stage, the need for disclosure is far less compelling. *See McGray*, at 311-312. Third, in his Objections, Garrison does not argue that disclosure of the testimony would maintain the confidentiality of the informant's identity; instead, by citing *Roviaro* for the proposition that "there is no fixed rule regarding disclosure of an informant's identity" (Objections, at 2 (citing *Roviaro*, at 61-62)), Garrison is implying that disclosure of the testimony would disclose the informant's identity. Finally, the testimony was corroborated by sufficient independent evidence. For example, Detective Graham personally viewed the apartment, the informant positively identified the person depicted in a mug-shot as the

person — Arnette Kilpatrick — who resides in the apartment and Detective Graham's criminal history check of Kilpatrick showed that she had had a conviction. *See, e.g., Manley*, at 986 (finding that a "roughly accurate physical and ethnic description" of the defendant and knowledge of what he possessed was sufficient independent evidence to prevent disclosure even though "the 'essence,' 'core' or 'main bulk' of the justification for execution of the warrant was derived from the citizen-informants"). Therefore, at this pretrial stage and absent a showing that he will be denied a fair trial, Garrison is not entitled to review the testimony and his objections regarding such will be overruled.

Garrison next argues in his Objections that there was no information indicating that the informant was "reliable". Again, the R&R did not have a finding directly on this issue, but the finding that the totality of the circumstances supported probable cause implies that the informant was reliable. The Supreme Court has set forth a "totality-of-the-circumstances" test for determining probable cause to support a search warrant: the issuing judicial officer must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois* v. *Gates*, 462 U.S. 213, 238 (1983). The quantum of proof necessary to establish probable cause is "only the probability, and not a prima facie showing, of criminal activity ∗∗∗."

*Id.* at 235 (quoting *Spinelli v. United States,* 393 U.S. 410, 419 (1969)). In reviewing a judicial officer's finding of probable cause — which must be accorded substantial deference —, the reviewing court's determination should be limited to whether the issuing judicial officer had a substantial basis for finding probable cause. *Id.* at 236.

The Second Circuit, with regard to the reliability of an informant, has held:

> "The core question in assessing probable cause based upon information supplied by an informant is whether the information is reliable. Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of providing reliable information, or if it is corroborated in material respects by independent evidence. If a substantial amount of information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that he provides, though uncorroborated, is also reliable." *United States v. Wagner*, 989 F.2d 69, 72-73 (2d Cir. 1993).

The Second Circuit went on to explain that an inquiry into the reliability of an informant's information consists of an inquiry into the informant's veracity and an inquiry into the quality of his sources of knowledge — to wit, "the degree to which his information is based on reliable means, such as first-hand observations or second-hand information from reliable sources, rather than on unreliable means such as rumor or innuendo." *Id.* at 73.

In this case, the informant's knowledge is based on first-hand observations — *viz.*, the search warrant application states, *inter alia*, that the informant "knows" Kilpatrick,

"has seen" Garrison possess illegal firearms and "knows" Garrison to transport and sell illegal firearms. (Search Warrant Application, at 2.) Furthermore, as held above, the information provided by the informant is sufficiently corroborated by independent evidence. Finally, Judge Drury's and Judge Scott's findings of probable cause should be accorded substantial deference and, based on the corroborated evidence and quality of the informant's sources, Judge Drury and Judge Scott had a substantial basis for their findings. Hence, Garrison's objections regarding the informant's reliability will be overruled.

Accordingly, it is hereby **ORDERED** that Garrison's Objections are overruled, that Judge Scott's Report and Recommendation dated February 16, 2005 (docket no. 22) is adopted in its entirety and that the parties shall appear before this Court on the 1st day of July, 2005 at 1:00 p.m. (or as soon thereafter as they may be heard) to set a date for trial.

DATED:   Buffalo, N.Y.

June 15, 2005

/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.